UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
HARINDER JEET SINGH,                 : 05 Civ. 5333 (DAB)(JCF)
                                     :
            Plaintiff,               :    REPORT AND
                                     :    RECOMMENDATION
    - against -                      :
                                     :
                                     :
U.S. SECURITY ASSOCIATES,            :
                                     :
            Defendant.                :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

The plaintiff, Harinder Jeet Singh, brings this employment discrimination action pro se against his former employer, U.S. Security Associates ("USSA"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Mr. Singh alleges that USSA discriminated against him by passing him over for promotion in favor of employees with less seniority; harassed him after he had filed complaints with the Equal Employment Opportunity Commission ("EEOC"); and wrongfully terminated his employment in retaliation for filing a lawsuit against USSA. USSA has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, I recommend that the motion be granted.

Background

The facts of this case were detailed extensively in the opinion of Magistrate Judge Frank Maas in previous litigation between these parties, which resulted in the granting of summary

1

judgment for the defendant and the denial of the plaintiff's motion to amend his complaint. Singh v. U.S. Security Associates, Inc., No. 03 Civ. 2059, 2005 WL 236511 (S.D.N.Y. Feb. 1, 2005). A copy of that decision is attached to this Report and Recommendation. Therefore, I will describe the facts only insofar as they are necessary to decide the new issues that arise here.

Mr. Singh was hired as a security guard by a predecessor of USSA in September 1998. Id. at *2. On November 20, 2000, he filed a complaint with the EEOC (the "First EEOC Complaint") in which he alleged that USSA had discriminated against him because of his race, color, and national origin by assigning his regular shift to more junior employees who were Black or Hispanic. Id. USSA restored Mr. Singh to his original shift in response to a union grievance filed prior to the EEOC complaint. Id. at *3. The EEOC complaint was settled, with a back pay award to Mr. Singh and an agreement by USSA not to discriminate or retaliate against him. Id.

Thereafter, Mr. Singh completed a course to become a building Fire Safety Director ("FSD"), but soon filed a union grievance claiming that he was being harassed by management and had been wrongfully denied an FSD position. Id. After a hearing in October 2002, the arbitrator concluded that USSA had violated the collective bargaining agreement and directed that Mr. Singh be appointed as an FSD. Id. at *4. While awaiting the arbitrator's

decision on his grievance, Mr. Singh filed a complaint with the New York State Division of Human Rights (the "SDHR"), alleging that USSA harassed him after the settlement of his First EEOC Complaint. Id. at *5. The SDHR dismissed Mr. Singh's complaint on the basis that there was no probable cause. Id. Mr. Singh also filed another complaint with the EEOC (the "Second EEOC Complaint") at the time of his SDHR filing. In January 2003, the EEOC adopted the SDHR's findings, dismissed Mr. Singh's complaint, and notified him of his a right to sue. Id.

Mr. Singh first filed suit against USSA in March 2003. Soon afterward, concerned that he might be transferred to another location, Mr. Singh asked the tenants of the building where he worked to sign a petition commending him for his job performance. Id. at *6. USSA suspended Mr. Singh for violating a company policy against direct contact between USSA personnel and clients. Id. According to USSA, Mr. Singh was then transferred to a new assignment and was terminated only when he failed to appear for work and abandoned his job. (Defendant U.S. Security Associates, Inc.'s Memorandum of Law in Support of Motion for Summary Judgment ("Def. Memo.") at 4-6). In a motion to amend the complaint in his first suit, Mr. Singh contended that he was fired in retaliation for filing complaints with the EEOC and for filing suit. Singh, 2005 WL 236511, at *7.

In his first suit, Mr. Singh alleged that USSA discriminated

3

against him on the basis of his race, national origin, and color, denied him a promotion, subjected him to a hostile work environment, denied him equal terms and conditions of employment, and retaliated against him for filing the First EEOC Complaint. Id. at *6. On May 11, 2004, Mr. Singh sought to amend his complaint to add an allegation of retaliatory termination. Id. at *7. USSA moved for summary judgment, and Judge Maas issued his decision granting the motion on February 1, 2005. Judge Maas also denied Mr. Singh's motion to amend his complaint to add the charge of retaliatory termination on the ground that he had not exhausted his administrative remedies with the EEOC with respect to that claim. Id. at *15. The Second Circuit affirmed Judge Maas's decision in all respects on October 14, 2005. Singh v. U.S. Security Associates, Inc., 152 Fed. App'x 36 (2d Cir. 2005). The Supreme Court denied certiorari. Singh v. U.S. Security Associates, Inc., ___ U.S. ___, 126 S. Ct. 2967 (2006).

In January 2005, Mr. Singh filed a complaint with the EEOC (the "Third EEOC Complaint") regarding the termination of his employment, and on March 4, 2005, the EEOC issued a right to sue letter. (Plaintiff's June 3, 2005 Complaint ("Compl."), ¶ 16). Mr. Singh filed a new lawsuit against USSA on June 3, 2005. This second suit alleges that USSA discriminated against him and harassed him. He also asserts that USSA's employees and attorneys conspired with the SDHR and a court reporter to deny him his

4

rights. (Compl., ¶¶ 12, 17-19). Mr. Singh further maintains that his employment was wrongfully terminated, apparently in retaliation for filing the first lawsuit on March 24, 2003. (Compl., ¶¶ 14-15). Finally, he alleges that USSA sent false information to the New York State Department of Labor, causing the termination of his unemployment benefits. (Compl., ¶ 22).[1]

Discussion

　　A.　Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002); Andy Warhol Foundation for the Visual Arts, Inc. v. Federal Insurance Co., 189 F.3d 208, 214 (2d Cir. 1999).

Summary judgment is generally inappropriate where intent and state of mind are at issue. See Gelb v. Board of Elections of the City of New York, 224 F.3d 149, 157 (2d Cir. 2000). Therefore, "an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of

---

[1] The determination of the Department of Labor was affirmed by the Appellate Division of the New York State Supreme Court on April 27, 2006. In re Singh, 28 A.D.3d 1054, 814 N.Y.S.2d 332 (3d Dep't 2006).

5

discriminatory intent is rare and such intent often must be inferred from circumstantial evidence." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001); see also Gallo v. Prudential Residential Services, 22 F.3d 1219, 1224 (2d Cir. 1994) ("A trial court must be cautious about granting summary judgment to an employer when . . . its intent is at issue"). However, the "impression that summary judgment is unavailable to defendants in discrimination cases is insupportable." Weinstock v. Columbia University, 224 F.3d 33, 41 (2d Cir. 2000) (quoting McLee v. Chrysler Corp., 38 F.3d 67,68 (2d Cir. 1994)). Instead, "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials - apply no less to discrimination cases than to . . . other areas of litigation." Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001) (quoting Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985)).

The moving party bears the initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). Where the moving party meets that burden, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), by "a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In assessing the record to determine whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Vann v. City of New York, 72 F.3d 1040, 1048-49 (2d Cir. 1995). However, the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," Anderson, 477 U.S. at 249 (citation omitted), and grant summary judgment where the nonmovant's evidence is conclusory, speculative, or not significantly probative. Id. at 249-50. "The litigant opposing summary judgment may not rest upon mere conclusory allegations or denials, but must bring forth some affirmative indication that his version of relevant events is not fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotations and citations omitted); see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995) (nonmovant "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not

credible"). In sum, if the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288 (1968)).

    B.   Res Judicata

USSA argues that all claims except the allegation of retaliatory termination should be dismissed under the doctrine of res judicata, also known as claim preclusion. "Under res judicata, a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citation omitted). Res judicata serves to relieve parties of the cost and trouble of multiple lawsuits, conserves judicial resources, and prevents inconsistent decisions, thereby encouraging reliance on adjudication. Id. A claim will be precluded where (1) the prior action involved an adjudication on the merits; (2) the prior action involved the same parties or those in privity with them; and (3) the claims now asserted were or could have been raised in the prior action. Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (citing Monahan v. New York City Department of Corrections, 214 F.3d 275, 284-85 (2d Cir. 2000)). A previous adjudication will have preclusive effect "only where the transaction or connected series of transactions at issue in both

suits is the same, that is 'where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first.'" <u>Securities and Exchange Commission v. First Jersey Securities, Inc.</u>, 101 F.3d 1450, 1464 (2d Cir. 1996) (quoting <u>National Labor Relations Board v. United Technologies Corp.</u>, 706 F.2d 1254, 1260 (2d Cir. 1983)).

In this case, the elements of res judicata are met as to all of Mr. Singh's claims except the those arising from his termination, which was not litigated in the first action. First, Mr. Singh's previous complaint was dismissed at the summary judgment stage. Summary judgment is an adjudication on the merits for res judicata purposes. <u>Weston Funding Corp. v. Lafayette Towers, Inc.</u>, 550 F.2d 710, 712-15 (2d Cir. 1977); <u>Sprecher v. Fischer</u>, No. 85 Civ. 8885, 1987 WL 6152, at *2 (S.D.N.Y. Jan. 30, 1987). Second, the same two parties are involved in both suits. Third, all of Mr. Singh's claims except those arising from his termination were asserted in the prior litigation.

In Mr. Singh's first complaint, he alleged that USSA denied him a timely promotion, subjected him to a hostile work environment and to unequal terms and conditions of employment, and retaliated against him for filing an EEOC complaint. Mr. Singh also brought a claim of intentional infliction of emotional distress. <u>Singh</u>, 2005 WL 236511, at *1. Here, Mr. Singh's complaint deals primarily with the charge of retaliatory termination. However, to the extent

9

that the claims also include allegations of discrimination and harassment, they are barred by res judicata. For example, in his current complaint, Mr. Singh alleges instances of harassment after he had filed the First EEOC Complaint. (Compl., ¶ 6). He also mentions instances of retaliation and discrimination predating his discharge. (Compl., ¶¶ 7-9). It is possible that Mr. Singh, as a pro se plaintiff, is attempting merely to provide the background for his allegation of retaliatory termination. However, Mr. Singh's claims regarding harassment and discrimination during the period of his employment with USSA were asserted in his first suit and were fully dealt with by Judge Maas and the Second Circuit. These claims are therefore precluded.

    C.   <u>Retaliatory Discharge</u>

Title VII prohibits an employer from retaliating against an employee who engages in protected activity. 42 U.S.C. § 2000e-3(a); <u>Fitzgerald v. Henderson</u>, 251 F.3d 345, 358 (2d Cir. 2001). In order to establish a prima facie case of retaliatory discharge under Title VII, a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." <u>Jute v. Hamilton Sundstrand Corp.</u>, 420 F.3d 166, 173 (2d Cir. 2005) (quoting <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 282-83 (2d Cir. 2001)).

10

In the instant case, Mr. Singh claims that he was discharged in retaliation for filing the first lawsuit against USSA in March 2003, which alleged discriminatory treatment under Title VII. This is a protected activity, as it was undertaken to protest or oppose statutorily prohibited discrimination. 42 U.S.C. § 2000e-3(a); see Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000). And USSA certainly knew of the lawsuit, satisfying the second requirement for establishing a prima facie case.

USSA argues, however, that Mr. Singh's claim of retaliation must fail because the plaintiff suffered no adverse employment action since he was not, in fact, fired. Instead, according to USSA, he abandoned his job after being transferred to a new building. (Def. Memo. at 4). In support of this proposition, the defendant offers excerpts from Mr. Singh's testimony at a hearing before an administrative law judge to determine his eligibility for unemployment insurance benefits. (Affirmation of Philip K. Davidoff dated March 9, 2006, Exh. E). Yet, Mr. Singh has also provided excerpts of the same hearing in order to show that he was discharged. (Plaintiff's Motion in Opposition to Defendant's Summary Judgment [sic] ("Pl. Opp."), Exh. 9).

Although there may be a dispute as to whether USSA fired Mr. Singh or merely transferred him to a new assignment, either may be a sufficient predicate for a claim of retaliation. The Supreme Court recently considered what constitutes an adverse employment

11

action under Title VII.  Under the Court's formulation, the employer's actions must be materially adverse, meaning "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Burlington Northern & Santa Fe Railway Co. v. White, ___ U.S. ___, 126 S. Ct. 2405, 2409 (2006).  While reassignment of job duties is not automatically actionable, employers are prohibited "from imposing unpleasant work assignments upon an employee for filing charges."  Id. at 2416-17 (quoting EEOC Dec. No. 74-77, 1974 WL 3847, at *4 (Jan. 18, 1974)).  In Burlington Northern, the Supreme Court held that a jury could reasonably find that a reassignment of duties was materially adverse even if it fell within the same job description.  Id. at 2416 (employee transferred from position of forklift operator to more arduous position of track laborer).  USSA argues that Mr. Singh's transfer entailed no loss of rank, salary, or benefits and therefore cannot qualify as an adverse employment action.  However, the plaintiff points out that an FSD who is transferred to a new building must re-qualify for that position.  (Pl. Opp., ¶ 18 & Exh. 21).  Thus, even assuming that Mr. Singh was merely transferred rather than fired, it is reasonable to conclude that this effective loss of rank was a materially adverse change sufficient to deter a reasonable employee from engaging in protected activity.

Nevertheless, USSA also contends that Mr. Singh's claim fails

12

because he has not shown a causal connection between his protected activity and the action taken against him. Such a nexus can be shown through direct evidence of retaliatory animus directed against the plaintiff or through indirect evidence, such as close proximity in time between the protected activity and the adverse employment action. Little v. National Broadcasting Co., 210 F. Supp. 2d 330, 384-85 (S.D.N.Y. 2002). Here, as in his first suit, Mr. Singh has not pointed to any direct evidence of retaliatory animus. See Singh, 2005 WL 236511, at *13. Indeed he has not provided anything other than conclusory allegations.

As noted, however, a plaintiff may also establish the required causal connection indirectly by showing that the protected activity was followed closely in time by the adverse action. Feingold v. New York, 366 F.3d 138, 156-57 (2d Cir. 2004). The temporal proximity between the statutorily protected activity and the adverse employment action must be "very close." Little, 210 F. Supp. 2d at 384-85 (quoting Clark County School District v. Breeden, 532 U.S. 268, 273 (2001)). "When there is an extended period of time during which the employer did not take any action against the employee . . . such a connection becomes far less likely." Hereto v. Small, 98 Civ. 5351, 2006 WL 47667, at *5 (S.D.N.Y. Jan. 9, 2006) (citing Gelin v. Snow, No. 02 Civ. 9641, 2005 WL 2456742, at *11 (S.D.N.Y. Sept. 30, 2005)) (five-year gap); Little, 210 F. Supp. 2d at 388 (two-year gap); Allen v. Saint

13

Cabrini Nursing Home, Inc., 198 F. Supp. 2d 442, 450 (S.D.N.Y. 2002) (sixteen-month gap)). Generally a lapse of one year is too great to support a finding of causation absent direct evidence. See Nicastro v. Runyon, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("Claims of retaliation are routinely dismissed when as few as three months elapse between the protected . . . activity and the alleged act of retaliation."); Zenni v. Hard Rock Café International, Inc., 903 F. Supp. 644, 656 (S.D.N.Y. 1995) (plaintiff failed to establish prima facie case of retaliation where a "full year passed between the filing of the charge and [the] allegation of retaliatory conduct"); Fitch v. R.J. Reynolds Tobacco Co., 675 F. Supp. 133, 138 (S.D.N.Y. 1987) (seven-month gap). Here, more than one year elapsed between Mr. Singh's lawsuit filed on March 24, 2003, and the end of his employment on April 21, 2004. Without additional evidence of causation, the plaintiff cannot make out a prima facie case of retaliatory discharge, and therefore there is no genuine issue for trial.[2] Accordingly, the defendant's motion for summary judgment as to the claim of retaliatory discharge should be granted.

Conclusion

For the reasons set forth above, the plaintiff's claims of discrimination and harassment are precluded by the doctrine of res

---

[2] The same rationale applies to the claim that, after the termination, USSA further retaliated against Mr. Singh by opposing his application for unemployment benefits.

14

judicata, and his claim of retaliatory discharge fails for want of evidence of a causal connection between the protected activity and his termination.³  I therefore recommend that the defendant's motion for summary judgment be granted.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Deborah A. Batts, Room 2510, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objection will preclude appellate review.


Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
August 10, 2006

---

³ In addition, the plaintiff's allegations of conspiracy are not sufficient to stand on their own without support from the underlying claims.  A party cannot be found liable for conspiring to commit an act that is not itself against the law. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1269 (11th Cir. 2004); Spain v. Brown & Williamson Tobacco Corp., 230 F.3d 1300, 1311 (11th Cir. 2000) ("If the underlying cause of action is not viable, the conspiracy claim must also fail.").

15

Copies mailed this date to:

Harinder Jeet Singh
P.O. Box 721025
Jackson Heights, New York 11372

Philip K. Davidoff, Esq.
Ford & Harrison LLP
100 Park Avenue, Suite 2500
New York, New York 10017

Herbert E. Gerson, Esq.
Thomas J. Walsh, Esq.
Michelle S. Harkavy, Esq.
Ford & Harrison LLP
795 Ridge Lake Blvd., Suite 300
Memphis, Tennessee 38120