USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/04/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HARINDER JEET SINGH,

                        Plaintiff,        05 Civ. 5333 (DAB)
                                          ADOPTION OF REPORT
                                          AND RECOMMENDATION

       -against-

U.S. SECURITY ASSOCIATES, INC.,

                        Defendant.
----------------------------------------X

DEBORAH A. BATTS, United States District Judge.

     On August 10, 2007, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") in the above-captioned case. The Report recommends granting Defendant's Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed a submission entitled, "Objections to the Report and Recommendations of Honorable James C. Francis IV" ("Objections") on September 21, 2006.

     Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." See also Fed. R. Civ. Pro. Rule 72(b).[1]

---

[1] By letter dated September 11, 2006, Plaintiff requested an extension to file his objections to the Report and Recommendation. This request was granted. Plaintiff indicates he did not receive a copy of the Order granting his extension

1

Under 28 U.S.C. § 636(b)(1)(c), the District Court is required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

Likewise, where a party raises only general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also, Brown v. Peters, 1886 WL 5999355, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sept. 22, 1997) (where general objections are filed to a report and recommendation, a court need only review for clear error) (citations omitted).

Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . ." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Such objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (Citations and

---

request. Nevertheless, the Court received Plaintiff objections on September 21, 2006 and found Plaintiff's submission timely.

2

internal quotation marks omitted); see also, Kiggins v. Barnhart, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (reviewing the report and recommendation for clear error where objections were essentially reiterations of arguments made in earlier submissions and conclusory accusations). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636 (b)(1)(C); see also Local Civil Rule 72.1(d).

In his Objections, Plaintiff lists thirteen points in opposition to the Report. Most of Plaintiff's objections amount to a litany of conclusory assertions and a general rehashing of the same arguments which provided the basis of his Complaint.[2] The thirteen points raised in Plaintiff's submission can be grouped into three objections. First, Plaintiff repeatedly reargues his claim that he was in fact wrongfully terminated. In addition, Plaintiff complains that the Report makes no mention of the severe depression which he suffers. This depression allegedly results from the discrimination, harassment and

---

[2] For example, Plaintiff writes, "In report & recommendation true facts of the case are not reflected and the court completely ignored all my statements & concrete evidences which I submitted about my forcible and wrongful termination under oath and merely accepting false statements of the defendant which are without any evidences [sic]." (Objection at 1).

wrongful termination Plaintiff charges in his suit. Finally, as he did in his original Complaint, and again in his Opposition to Defendant's Motion for Summary Judgment, Plaintiff objects to the Report because he claims Defendants are lying and misleading the Court, particularly regarding the issue of whether or not he was forcibly terminated, and Judge Francis has ignored his own evidence.

The Court views these Objections liberally, as his pro se status warrants under Haines v. Kerner, 404 U.S. 519, 520 (1972). In so doing, the Court finds that the only objections Plaintiff raises which directly challenge the Report are, first, that Judge Francis neglected to consider claims related to Plaintiff's depression; and, second, that Defendant is lying and that Judge Francis has ignored Plaintiff's evidence regarding forcible termination. Accordingly, these are the only objections this Court examines under de novo review.

## I. Discussion

The facts in this matter are adequately detailed in the Report and unless relevant will not be reiterated here.

### A. Plaintiff's Objections Regarding Depression Related Claims

Plaintiff objects to the Report on the grounds that it fails to discuss the depression he suffers. (Pl.'s Obj. At 2). In

4

Plaintiff's view, the fact that the Report does not refer to this depression, "is [the] heights of injustices I received from this Report & Recommendation." (Obj. at 2). The Court construes Plaintiff's objection to raise an argument that Judge Francis neglected to consider legal claims related to Plaintiff's depression.

However, Judge Francis expressly addresses the claim of intentional infliction of emotional distress (IIED) and Plaintiff's allegations regarding harassment; these claims are inclusive of the Plaintiff's depression. (Report at 9, 10). The Report holds that these claims are barred under principles of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).

Here, the Court has reviewed the record and concurs with Judge Francis. Preclusion of an IIED claim, or claims connected to Plaintiff's allegations of harassment, in the instant case is proper. Such claims were previously asserted in another suit, and have been litigated fully before Judge Maas and the Second Circuit. Singh v. U.S. Security Associates, Inc., No. 03 Civ. 2059, 2005 WL 236511 (S.D.N.Y. Feb. 1, 2005); Singh v. U.S. Security Associates, Inc., 152 Fed. App'x. 36 (2nd Cir. 2005).

Construing his objections liberally, the Court concludes that even if Plaintiff now desires to argue that his depression escalated after he was fired, and therefore should be considered a new claim, not barred by res judicata, Defendant would still be entitled to summary judgment with respect to an IIED claim.

Under New York law, to prevail on an IIED claim, a plaintiff must prove four elements: (1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard of, a substantial probability of causing severe emotional distress; (3) a causal link between the conduct and the injury; and (4) severe emotional distress. Bender v. City of New York, 78 F.3d 787, 790 (2d Cir.1996); O'Bradovich v. Village of Tuckahoe, No. 04 Civ. 0049, 2004 WL 1616588, at *18 (S.D.N.Y. Jul. 19, 2004) (citing Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999)); Holwell v. New York Post Co., 81 N.Y.2d 115, 122 (N.Y. 1993). To prevail, a plaintiff must show that the defendant's harmful conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]." Bender, 78 F.3d at 791-92 (internal quotations and citations omitted). Under an IIED analysis, whether harmful conduct rises to the requisite level of venality is a question of law. Thomas v. Bergdorf Goodman, Inc., No. 03 Civ. 3066 (SAS), 2004 WL

2979960, at *7 (S.D.N.Y. Dec. 22, 2004) (citing Holwell, 81 N.Y.2d at 122).

Here, Singh's complaints involve nothing more extraordinary than a dispute between an employer and an employee. Defendant's conduct in this case, even as alleged by Plaintiff, is not so repugnant to society as to support an intentional infliction of emotional distress claim. Accordingly, the Plaintiff's first objection is without merit.

2. <u>Plaintiff's Objection that Defendant Misrepresented Facts and Judge Francis Neglected to Weigh Plaintiff's Evidence</u>.

Plaintiff second objection is that the Report relied upon Defendant's misrepresented facts and did not take into account the Plaintiff's evidence. (Pl.'s Obj. at 10). According to Plaintiff, Defendant misled the court about whether or not he was forcibly terminated. (<u>Id.</u>) Plaintiff further argues that Judge Francis ignored a complaint he filed with his union that stated his original termination was reduced to a one week suspension. (Pl.'s Mot. Opp'n Ex. 15). In Plaintiff's view, this evidence is dispositive because his termination was never in fact altered to a one week suspension. Construing this argument liberally, the Court concludes that Plaintiff challenges the basis for the Report's denial of his retaliatory discharge claim.

The Court finds this challenge is unavailing. If substantial time has transpired between the protected activity and the adverse employment action, a claim of retaliatory discharge must be dismissed. Allen v. St. Cabrini Nursing Home, Inc., 198 F. Supp. 2d 442, 448-50 (S.D.N.Y. 2002). Retaliatory discharge claims have been dismissed when as little as three months have lapsed between the protected activity and the adverse action. Id.

In this case, whether or not Judge Francis drew erroneous conclusions about the nature of Plaintiff's discharge is immaterial.[1] The reason Plaintiff's suit for retaliatory termination must fail is because, even if he was terminated, he does not provide sufficient proof of a causal connection between the alleged termination and the protected activity. As Judge Francis noted, more than one year elapsed between Mr. Singh's lawsuit, which was filed on March 24, 2003, and the end of his employment, which occurred on April 21, 2004. (Report at 14). Even if the Court were to credit Plaintiff's evidence and find he was terminated, and it does not, given the length of time that transpired between the protected activity and the allegedly

---

[1] For the record, Judge Francis drew no such conclusions; the Report states, "Although there may be a dispute as to whether USSA fired Mr. Sing or merely transferred him to a new assignment, either may be sufficient predicate for a claim of retaliation." (Report at 11).

8

adverse action, a retaliatory discharge claim cannot survive Defendant's summary judgment motion.

## II. CONCLUSION

Having reviewed the Report and Recommendation and the record herein de novo, and for reasons set forth above, it is hereby ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Francis, dated August 10, 2006, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court to the extent that it recommends dismissal of Plaintiff's claims under F.R.C.P. 12(b)(6);

2. The Clerk of the Court is directed to close the docket in this case.

SO ORDERED

DATED:   New York, New York
         June 3, 2008

_____
DEBORAH A. BATTS
United States District Judge